RENDERED: MARCH 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0249-ME

AMANDA MARIE RICHARDS                          APPELLANT


           APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE DENISE DEBERRY BROWN, JUDGE
               ACTION NO. 16-CI-502648


THOMAS IRVIN DRAKE IV                        APPELLEE


OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; KRAMER AND MCNEILL, JUDGES.

MCNEILL, JUDGE: The appellant, Amanda Marie Richards (hereafter "Mother")
and appellee, Thomas Irvin Drake IV, (hereafter "Father"), are the natural parents
of two minor children, T.D., age six, and T.D., age five.[1] Father and Mother were
never married. Pursuant to an order issued by the Jefferson Circuit Court, Family

---

[1] Abbreviations are being used to protect the anonymity of the children.

Court Division on March 30, 2018, the parties share joint custody of the children and utilize a shared parenting schedule. Father was ordered to pay $809.00 per month in child support.

Due to a change in his employment and a reduction in wages, Father filed a motion to modify child support. The trial court held a hearing on that motion on October 11, 2019 and subsequently entered an order granting Father's motion reducing his child support obligation to zero, with both parties equally dividing the cost of work-related daycare. The order also sentenced Father to thirty days' incarceration for failure to pay child support arrearages but suspended that sentence so long as Father made arrearage payments of $100.00 per week. Mother filed a motion to alter, amend, or vacate the modification order, which the court denied. Mother now appeals to this Court as a matter of right. Father did not file a brief.

## I. STANDARD OF REVIEW

To prevail in obtaining a modification to reduce a child support obligation, the obligor must demonstrate that "a material, substantial, and continuing change of circumstances . . . made him less capable of attaining his former income level . . . ." *Howard v. Howard*, 336 S.W.3d 433, 441 (Ky. 2011). We review child support matters under an abuse of discretion standard, *i.e.*, "whether the trial judge's decision was arbitrary, unreasonable, unfair, or

unsupported by sound legal principles." *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky. App. 2008) (citation omitted). With these standards in mind, we now turn to the merits of the case.

## II.    ANALYSIS

Mother argues on appeal that the trial court abused its discretion by granting Father's motion to modify child support and that the trial court's order granting modification should be reversed. She specifically contends that Father is voluntarily underemployed pursuant to KRS[2] 403.212(2)(d). For the following reasons, we agree.

The facts surrounding father's change in employment are mostly undisputed—he was determined to be intoxicated at his previous job at RCS Transportation, LLC after being administered a breathalyzer test. His work specifically required him to operate motor vehicles. Father testified that he was permitted to resign in lieu of termination. However, Mother's counsel introduced an affidavit and accompanying corporate documents into the record indicating that Father was *discharged* for violating the company's substance abuse policy. Father now earns nearly half of what he did previously on a per hour basis. Father further testified during the modification hearing that he had filed for bankruptcy; that he

---

[2] Kentucky Revised Statutes.

would likely lose his house; that he had no college degree or other specific training; and that he was currently looking for higher paying jobs. His previous job at RCS Transportation, LLC was a union job. According to Father, the union was still assisting him in obtaining a higher paying position.

As previously noted, to obtain a reduction in child support, a party must show a substantial and continuing material change of circumstances. KRS 403.213(1). Pursuant to KRS 403.213(2), there is a rebuttable presumption of a material change in circumstances when application of the Kentucky Child Support Guidelines to the finances of the parties at the time of filing of a motion for modification would result in a change in the obligation of fifteen percent or more. In calculating the amount of support due, trial courts must assess each parent's gross monthly income. KRS 403.212. However, if the court finds a parent-obligor to be voluntarily unemployed or underemployed, the calculation is based on KRS 403.212(2)(d):

> If a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, except that a determination of potential income shall not be made for a parent who is incarcerated, physically or mentally incapacitated, or is caring for a very young child, age three (3) or younger, for whom the parents owe a joint legal responsibility. Potential income shall be determined based upon employment potential and probable earnings level based on the obligor's or obligee's recent work history, occupational qualifications, and prevailing job opportunities and

earnings levels in the community. A court may find a parent to be voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation.

As a practical matter, KRS 403.212(2)(d) is divided into two parts. Part (i) requires the trial court to make a finding whether a parent is voluntarily unemployed or underemployed and provides three specific classes of people exempted from consideration. If an affirmative determination is made under part (i), then the court must assess potential income pursuant to part (ii), which includes very specific considerations. The issue before this Court is whether the trial court abused its discretion in applying both internal provisions of KRS 403.212(2)(d). In its order granting Father's motion to modify child support, the trial court in the present case provided the following reasoning supporting its decision:

> The court specifically rejects [Mother's] position that being fired for a poor choice is equivalent to being voluntarily underemployed. The economic reality is that it will be difficult for [Father] to find a position earning close to $25.00 per hour. To hold him to this standard simply because he lost his previous job would create a child support order that is nearly impossible for him to meet while meeting his own needs, which would not be in the best interest of the child.

Although the trial court's reasoning was neither arbitrary nor unreasonable, we believe that it was unfair and unsupported by sound legal principles and, therefore, constitutes an abuse of discretion for the following reasons.

First, it is important to note that the General Assembly amended KRS 403.212(2)(d) in 1994 to explicitly include that "a court may find a parent to be voluntarily unemployed or underemployed without finding that the parent intended to avoid or reduce the child support obligation." The clear legislative intent is to broaden what may constitute voluntarily unemployment or underemployment, not to constrain it. Case law also proves instructive.

The most authoritative case relevant to the issues presented is *Commonwealth ex rel. Marshall v. Marshall*, 15 S.W.3d 396 (Ky. App. 2000). Therein, the Court generally held, *inter alia*, the former husband and child support obligor voluntarily engaged in conduct that resulted in his incarceration and, thus, his income would be imputed to him for child support purposes while he was in prison. *Id*. at 401. More specifically, the Court held that "[w]e align ourselves with those jurisdictions that equate incarceration with voluntary unemployment" and that "it is apparent that [father] voluntarily engaged in conduct which he *should have known* would impair his ability to support his children." *Id*. (emphasis added). In so holding, the Court specifically reasoned that "[t]here are few matters over which the trial court has more discretion than cases involving domestic relations issues . . . . However, that discretion *is not unlimited*." *Id*. at 400 (emphasis added) (footnotes omitted).

It would strain credulity to hold that while an incarcerated parent-obligor is considered voluntarily unemployed, a father whose employment was terminated due to his on-the-job inebriation is not considered voluntarily underemployed.[3]  Like the incarcerated parent-obligor in *Marshall*, the Father in the present case "voluntarily engaged in conduct which he *should have known* would impair his ability to support his children." *Id*. at 401 (emphasis added).  A contrary conclusion would run afoul of the core holding of *Marshall* and would require this Court to condone a result that is unfair and unsupported by sound legal principles.   Therefore, we hold that the trial court abused its discretion in failing to find that Father was voluntarily underemployed.

Furthermore, we cannot discern from the trial court's order how the court arrived at its recalculation of child support benefits.  Therefore, we cannot determine how the court exercised its discretion in that regard and must conclude

---

[3] We also note several unpublished decisions that, while not binding, are instructive.  *See Hardy v. Hardy*, No. 2016-CA-001214-ME, 2017 WL 1455059, at *2 (Ky. App. Apr. 21, 2017) (applying *Marshall* and affirming trial court's ruling that father was voluntarily underemployed after his previous employment was terminated for, *inter alia*, failing to show up at a meeting because he was hungover and doing "donuts" in a vehicle rented by his employer) and *VonFeldt v. Beckovich*, No. 2016-CA-001095-ME, 2017 WL 2992535, at *1 (Ky. App. Jul. 14, 2017) (imputing income to a parent-obligor who argued that he was unable to return to his employment in medical device sales to due alcohol abuse disorder, anxiety, and depression). *See also Wardrip v. Wardrip*, No. 2009-CA-000092-ME, 2009 WL 3672919, at *1 (Ky. App. Nov. 6, 2009); *Grigsby v. Commonwealth, Cabinet for Families and Children*, No. 2006-CA-000313-ME, 2006 WL 3040063, at *1 (Ky. App. Oct. 27, 2006).

that the court lacked substantial evidence for its decision to reduce Father's support child support payments to zero.

On remand, the trial court shall enter an order finding Father to be voluntarily underemployed. The court shall then proceed to the second part of KRS 403.212(2)(d) in order to assess potential income with "due consideration of all of the statutory factors." *Gripshover v. Gripshover*, 246 S.W.3d 460, 469 (Ky. 2008). Thereafter, the amount of income shall be calculated according to the child support guidelines table provided in KRS 403.212(7).[4] It is noteworthy that, in its order granting modification, the trial court also determined that "this case is appropriate for a deviation from the child support guidelines . . . ." As previously stated, the court re-assessed Father's and Mother's monthly child support obligations, with neither party paying support to the other. Again, however, the trial court did not articulate how it reached the mathematical result that it did. To the extent that the trial court deems KRS 403.211(3) to be applicable, it must specifically indicate so on remand.[5]

---

[4] Completion of a child support worksheet may prove beneficial.

[5] The previously noted unpublished case of *VonFeldt v. Beckovich*, proves particularly instructive on the issue of the imputation and calculation of potential income. 2017 WL 2992535, at *4. Again, we do not cite *VonFeldt* as binding authority. Rather, we cite it as a practical guide for the parties and the trial court in re-assessing Father's potential income on remand.

Lastly, Mother requests that we reverse and remand to "reconsider the sentencing on contempt to include incarceration of not less than 180 days, which under the circumstances, is quite reasonable." We are cognizant of the difficulties in obtaining timely payments from child support obligors and are confident that the trial court will continue to exercise its sound discretion including consideration of whether incarceration is appropriate in the event of future delinquencies. Nevertheless, for purposes of the present case, we cannot say that the trial court abused its discretion in suspending Father's sentencing for contempt so long as he makes arrearage payments of $100.00 per week.

## III.   CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court in part and reverse in part. We remand for additional proceedings consistent with this Opinion.

CLAYTON, CHIEF JUDGE, CONCURS.

KRAMER, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:                NO BRIEF FOR FILED APPELLEE

David B. Mour
Louisville, Kentucky

-9-